United States District Court
District of Massachusetts

| | |
|---|---|
| Christopher J. Chase, | ) |
| Plaintiff | ) 18-10719-DJC |
| V. | ) |
| Correct Care Recovery Solutions, BSH Et Al, | ) 4-15-2019 |
| Defendants' | ) |

## More Definate Statement Of The Allegations Contained In the Complaint

1. The following more definate statement of allegations contained in the complaint, is written by me Christopher Chase, the plaintiff.

2. I ask that the next step be that the Defendants' give an actual answer to this complaint.

Under the penalties of perjury the foregoing and following more definate statement is true to the best of my knowledge pursuant to 28 USC §1746.

Signed this 15th Day of April Year 20 19

Chris Chase
20 Administration Rd
Bridgewater MA
02324

X [signature]
4-15-2019

①

1. (page 11-18; par. 40-71) The actions of Defendants Khan, Homer, Castor, Saintiche and Olubedun on 10-2-2017 (par. 40-71) in denying the plaintiff, who had an impaled abdominal stab wound (par. 40-41), medically necessary and policy mandated (par. 71) also 154, safe (policy attached to complaint) ambulance transport required to preserve the plaintiff's life (par. 154), was done maliciously and sadistically in direct disregard for the plaintiff's life. This resulted in the plaintiff being recklessly transported to the Hospital by (par. 58-65) (MGL.123§21-safe transport) medically untrained, unqualified security personnel who violently moved the impaled plaintiff (par. 62-63), during which time no medical personnel chose to be present (par. 58-60, 55-56), causing further life threatening injury (par. 63) which required emergency surgery immediately upon arrival to the Hospital (par. 66-69). This served no governmental or rational purpose and served (par. 154) to punish the plaintiff for his mental illness (par. 43-49). This decision was antithetical to human dignity and subjected the plaintiff to the unnecessary and wanton infliction of pain (par. 49,50,55-56,58-65,67), humiliating and degrading treatment (par. 40-71), potential loss of life (par. 154), severe mental health decline (par. 43-65), treatment that unjustifiably inflicted pain and was in- (par. 43,55-56,58-60,63,65,66,67,68,69) herently cruel (par. 40-71). This constituted Deliberate Indifference to the plaintiff's Serious Medical Need in (par. 40-41,43-50,55-65) also 57) (par. 243-249) violation of the 14th Amendment of the United States Constitution. This constituted Deliberate In- difference to the Plaintiff's Serious Mental Health Needs in violation of the 14th Amendment of the United (par. 40-41,43-50,55-65,186-187) also 57) States Constitution. This constituted Deliberate Indifference to the Plaintiff's Personal Safety in violation of (par. 43-47,55-56,58-60,63,65) the 14th Amendment of the United States Constitution. This constituted Punishment Without Conviction

(par. 43-50, 55-56, 67, 68,)                                      (par. 189-191, 43-47, 50, 55-56, 57, 58-60, 61, 65)
in violation of the 14th Amendment. This constituted the Tort of Negligence in violation of Mass-

                                (par. 40-71) entire totality of facts
achusetts Law. This constituted intentional infliction of emotional distress Tort in violation of Mass-

                             (par. 40-71) entire totality of facts
achusetts Law. This constituted punishment without conviction in violation of the 14th Amendment

of the United States Constitution.

        (page 11-18; par. 40-71)                                 (par. 40-71)
2. The actions of Defendants' Khan, Homer, Castor, Saintiche and Olubodun on 10-2-2017 in denying

                    (par. 40-71)     (par. 71, 154)     (policy attached)
the plaintiff, who had an impaled abdominal stab wound, medically necessary and policy mandated, safe ambulance transport to

                          (par. 43-47, 57)     (par. 40-71)
an outside Hospital, after the plaintiff requested proper medically necessary ambulance transport, constituted violation of the

(par. 40-71)
Federal Americans With Disabilities Act, title II. This constituted violation of the Federal Rehabilitation Act as

    (par. 43-49)             (par. 40-41, 49,)    (par. 40-41)
this was intentional discrimination for the plaintiff's mental health and physical disabilities.

       (page 16-18) also par 61-65)                      (par. 62)
3. The actions of Defendants' Jaboitum and Carigeniss in willfully agreeing to participate in violations

         (par. 40-71)      (par. 65, 64)  (par. 63) (par. 63)    (par. 63, 64, 65, 66)
of the plaintiff's rights on 10-2-2017 by recklessly transporting, moving, assaulting and causing further life threatening

                                  (par. 66)
injury to the plaintiff who required emergency surgery to save his life, constituted Deliberate Indifference to

(par. 61-66)
the plaintiff's Serious Medical Needs in violation of the 14th Amendment of the United States Constitution.

          (par. 61-66)
This constituted Deliberate Indifference to the plaintiff's personal safety    in violation of the 14th Amend-

ment of the United States Constitution. This constituted the Tort of Intentional Infliction of

(par. 61-66) (par. 61-66)
emotional Distress in violation of Massachusetts Law; This constituted the Tort of Negligence in violation of

(par. 61-66)
Massachusetts Law. This constituted the Tort of Assault and Battery in violation of Massachusetts Law.

4. (par. 71, 152-154) (par. 71, 152, 153)
The actions of Defendants' Hockshorn and Gentoli REGARDING and in response to the 10-2-

(par. 40-71) (par. 154) also 71)
2017 Denial of Medical care safe ambulance transport required to preserve the plaintiff's life, by failing to

(71, 152-154) (71, 152-154) (71, 152, 154, 153)
take corrective, preventative and procedural action required by the constitution and Massachusetts Law,

(par. 152, 153, 154, 71)
constituted violations of Procedural Due Process of the United States Constitutional Amendment

14. (71, 152, 153, 154) (40, 41; 40-71)
This constituted Deliberate Indifference to the Plaintiff's Serious Medical Needs in violation of the 14th

Amendment of the United States Constitution.

5. The actions of Defendants' Hockshorn and Gentoli REGARDING and IN RESPONSE to the 10-

2-2017 Denial of Medical care safe ambulance transport for the plaintiff who had an impaled abdominal stab wound

and who verbally requested proper medically necessary ambulance transport required to preserve the plaintiff's life, by

(par. 40-71)
failing to take (and allowing to happen in the first place) corrective, preventative, and procedural action, this constituted

violation(s) of the Federal Americans with Disabilities Act; Title II. This constituted violation(s) of the

Federal Rehabilitation Act as this was intentional Discrimination against the plaintiff's physical and mental

disabilities.

6. (pg. 34-37; par. 114-116) The actions of Defendant Broulette on 10-20-2017 in ordering that a bed be flipped over while the (114-116) plaintiff was connected to the frame (plaintiff hiding out of fear) (115-116) hurting the plaintiff's already severely wounded abdomen, Broulette then verbally degrading the plaintiff (114-116), then physically twisting his arm and handcuffing the (114-116) injured plaintiff in a violent manner, then not calling for any medical assistance and locking plaintiff in Room 2 of Infirmary, constituted Assault and Battery in violation of Massachusetts Law (114-116). This constituted Deliberate Indifference to plaintiff's Serious Medical Needs (114-116); This constituted Deliberate Indifference to the plaintiff's personal (114-116) safety; This constituted Deliberate Indifference to the plaintiff's Serious Mental Health needs (114-116), all deliberate Indifference in violation of the 14th Amendment of the United States Constitution (114-116). This constituted the Tort of Negligence in violation of Massachusetts Law (114-116). This constituted violation of punishment without conviction (114-116) in violation of the 14th Amendment of the United States Constitution.

7. The actions of Defendants' Khan (10-20-2017, 10-19-2017) (par. 74-151, 155-171, 172-174), Comiskey (10-27-2017) (par. 42, 155-171, 172-174), Myers (10-19-2017, 10-20-2017, 10-27-2017) (par. 140, 155-171, 172-174), Biswas (10-20-2017) (par. 120, 124, 155-171, 172-174), Furtado (10-19-2017, 10-20-2017, 10-27-2017) (par. 43, 94, 95, 96, 155-171, 172-174), and Correct Care Recovery Solutions (10-19-2017, 10-20-2017, 10-27-2017) (par. 74-151, 155-171, 172-174), which consisted of unlawfully and unconstitutionally ordering unlawful and unconstitutional restraint-seclusion on the plaintiff (155-171, 172-174). They each acted together and individually, after having detailed knowledge that the plaintiff had a highly compromised

(swollen, distended, deformed) and severely wounded abdomen (par. 74) (vertical incision going up-down middle of plaintiff's

abdomen containing multiple stitches and stab wound hole in abdomen leaking feces-bial-yellow matter). (par. 74)

These individuals [This Defendant group also contains (par. 155-171, 172-174) Huckshorn (10-19-2017, 10-20-2017, 10-27-2017) and

Genteli (10-19-2017, 10-20-2017, 10-27-2017)] (par. 155-171, 172-174) ordered restraint by handcuffs, security tube mitts, padlock,

waist chain and leg shackles. These individuals wrote, approved and-or allowed unlawful restraint during which (par. 172-174, 155-171)

time the plaintiff was in no actual-current-imminent psychiatric emergency which is required by MGLc123§ (par. 77-82) (par. 223) (220, 221, 222, 223, 224)

21, Massachusetts Code of Regulation 104CMR 27.10-12, and by CCRS-BSH Hospital Policy. These individuals (par. 226-232) (attached to complaint)

disregarded intentionally and arbitrarily State Law which prohibits the use of restraint methods which require

a lock-key to use 104CMR 27.12. These individuals intentionally and arbitrarily disregarded State Law which (par. 228)

prohibits behavior techniques which cause infliction of pain or physical discomfort 104CMR 27.10. These in- (par. 226) (par. 226-232)

dividuals intentionally and arbitrarily disregarded State Law which prohibits restraint being used for behavior man-

agement 104CMR 27.12. These individuals disregarded - intentionally and arbitrarily - State Law which prohibits (par. 226-232)

persons from being mechanically restrained and secluded-seclusion at the same time 104CMR 27.12. All of the (par. 229) (par. 226-232)

orders were written without the plaintiff being afforded a meaningful opportunity to be heard - plaintiff had no (par. 74-151)

idea who was ordering the restraint - thereby denying the plaintiff constitutionally sufficient Due Process (par. 74-151, 172-174, 155-171)

(6)

(par. 219-234) of Law, Due Process required by State Law and Due Process called for by CCRS-BSH policy. During all periods

(par. 74-151) of restraint no physical or mental physical assessment required by CCRS-BSH policy, The Constitution and State Law was

(par. 74-151) ever done prior, during or after the plaintiff was unlawfully restrained. (par. 74-151) During all points of this unlawful restraint

(par. 74-151) the plaintiff was denied all medical treatment-wound care-for his serious medical need - wounded abdomen and hole (par. 74)

(par. 74, 117-118) leaking feces-bial-yellow matter. The restraint orders themselves were not written according to CCRS policy and State (par. 172-174; orders attached to complaint) (policy attached to complaint)

Law or a constitutionally sufficient manner; some orders were signed twice with same exact language, some orders (par. 172-174)

were vague or even one sentence long, and some were signed weeks later. None of the orders mention anything (orders attached to complaint) (par. 172-174)

about properly treating the plaintiff's abdominal wound. These individuals intentionally, maliciously and sadistically ordered

an unlawful metal chain be put on or around the plaintiff's severely wounded abdomen which they knew was leaking (par. 74-151) (par. 74-151)

feces-bial-yellow matter and that they knew required wound care, they knew that they were chaining a serious (par. 74-151)

medical need. This serious medical need was common knowledge to all Hospital personnel and obvious to lay (par. 74) (par. 74-151)

persons. These individuals used unlawful restraint that was illegal under State Law and caused the plaintiff (par. 74-151) (par. 74-151, 222-234)

extreme physical pain and psychological distress. This unlawful restraint served absolutely no governmental or rational (par. 74-151) (par. 74-151) (par. 74-151)

purpose and was therefore punishment on the plaintiff who as a civilly committed person may not be punished (par. 74-151, 155-174) (par. 235) (par. 235)

at all. These individuals ordered the plaintiff be chained-restrained unlawfully in unsafe conditions leaving the (par. 74-151)

plaintiff (par. 74) who was severly injured (par. 74-151) to walk around and fend for himself, risking falling or severe injury. All of these individuals were obviously aware that chaining-restraining a severly wounded and leaking abdomen (par. 74-151) would cause unnecessary and wanton infliction of pain (par. 74-151, 240); this is more than obvious (par. 74-151). These individuals ordered the metal restraint unlawfully on the plaintiff and then turned a blind eye leaving the plaintiff in inhumane, degrading, (74-151) (74-151) inherently cruel conditions; (74-151) plaintiff denied wound care due to chain directly on wound (par. 117-118), denied all hygiene, denied clean (74-151) clothing (74-151), denied pain medicine (74-151), phone calls (74-151). The plaintiff was layered in his own feces-blat yellow matter during (117-118, 74-151) most restraint periods. These individuals also knew the plaintiff needed surgical care outside the scope and capabilities of CCAS-BSH medical personnel, yet all together orchestrated and participated in keeping the wounded plaintiff restrained and without medical care 10-19-2017 to 10-20-2017; over 22 hrs kept in unlawful restraint and (74-151, 172-174) delayed Hospital level necessary care for the plaintiffs (par. 74) serious medical needs; the plaintiff requested Hospital and (par. 74-171) medical care entire time. These individuals were especially culpable in ordering this metal restraint torture on the plaintiff because Bridgewater State Hospital during the time of restraint was monitored under a Superior Court of Massachusetts Court to ensure lawful compliance with state Restraint Law and for patients to receive humane treatment including earliest possible release from restraint. This particular restraint procedure— the (par. 155-171) Hand Koozie Policy— was historically used by BSH Medical Doctors, Nurses, Psychiatrists' and Correct-



-tional Personnel prior to Correct Care Recovery Solutions taking over operations at BSH in 2017.

Some of the Defendants worked under Dep. of Corrections and participated or directly used this policy;

(155-171)
Khan, Comishay, Myers, Clutedon, Bradette all used or participated in this policy as Dep. of Corrections

(par. 155-171)
employees. This practice, though inherently unlawful since its unknown inception, is used on patients' labeled

(par. 155-171) (par. 155-171)
as "Inserters"; patients who stab themselves with objects-weapons. This unlawful practice used primarily

(par. 155-171)
and exclusively on "Inserters" is used as a punishment or deterrent to try and curb habitual self-injury.

(par. 155-171)
This practice-policy has always been unlawful and has gone legally unchallenged until this civil action.

(par. 74-154, 155-171, 172-174)
This all constitutes Punishment without Conviction in violation of the 14th Amendment of the United

(par. 74-154, 155-171, 172-174)
States Constitution. This all constitutes Deliberate Indifference to the plaintiff's serious medical needs in

Deliberate
violation of the 14th Amendment of the United States Constitution. This all constitutes Indifference

(par. 74-154, 155-171, 172-174)
to the plaintiff's serious mental Health Needs in violation of the 14th Amendment of the United States

(par. 74-154, 155-171, 172-174)
Constitution. This constituted violation of Procedural Due Process of the 14th Amendment of the

(par. 74-154, 155-171, 172-174)
United States Constitution. This constituted the Tort of Material Breach of Contract in violation of Mass-

(par. 74-154, 155-171, 172-174)
achusetts Law. This constituted the Tort of Intentional Infliction of Emotional Distress in violation of

(par. 74-154, 155-171, 172-174)
Massachusetts law. This constituted Deliberate Indifference to the plaintiff's Personal Safety in violation

of the 14th Amendment of the United States Constitution. This constituted violations of the Federal

(par. 74-154, 155-171, 172-174) also 203-215                          (par. 74-154, 155-171, 172-174)
Americans With Disabilities Act - Title II. This constituted violations of the Federal Rehabilitation

also 203-215
Act as the use of unlawful restraint and denial of medical care was used as intentional discrimination

for the plaintiff's disabilities.

    (par. 74-171)   (par. 155-171) (155-171) (155-171)  (155-171)
8. The actions of Defendants' Hickshorn, Gentile, Myers and Correct Care Recovery Solutions

in failing to correct known unlawful restraint and denial of medical care on 10-19-2017, 10-20-2017, 10-

(74-171)
27-2017, constitutes violation of Procedural Due Process of the 14th Amendment of the United

(74-171)
States Constitution. This constituted Deliberate Indifference to the plaintiff's serious medical needs, in violation

of the 14th Amendment of the United States Constitution.

    (par. 262-287)    (par. 1-16)
9. The plaintiff asks for a declaratory Judgement and financial compensation regarding each

violation of the Constitution and State Law. The plaintiff suggested specific amounts but ultimately

(see page 12)
left the Judgement to the Justice of the Honorable Federal Court or Jury if trial eventually

follows.