UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER CHASE,<br>　　　*Plaintiff,*<br><br>　　v.<br><br>BRIDGEWATER STATE HOSPITAL, et al.,<br>　　　*Defendants.* | )<br>)<br>)<br>)　　C.A. No. 1:18-cv-10719-DJC<br>)<br>)<br>) |

**DEFENDANT RYAN JOACHIM'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**

Counsel for Defendant Ryan Joachim respectfully requests, pursuant to Fed.R.Civ.P. 12(b)(5), that this Honorable Court dismiss all claims against Defendant Joachim for insufficient service of process. As discussed in more detail below, the reason for this request is that Defendant Joachim was never served with a copy of Plaintiff Christopher Chase's ("***Plaintiff***") *Complaint*, and undersigned counsel has not been able to establish any contact with Defendant Joachim.

## PROCEDURAL BACKGROUND

1. On April 11, 2018, Plaintiff's *Complaint* was docketed with the Court. (*See* Doc. 1).

2. On August 30, 2018, the Court issued Summons to be served on the Defendants, including Defendant Joachim. (*See* Doc. 16).

3. On November 27, 2018, a summons was returned as "executed" on Defendant Joachim. (*See* Doc. 38). According to this summons, on November 21, 2018, the summons for Defendant Joachim was served by a U.S. Marshal on "James Brow / Asst. Safety Director" at BSH. (*See* Doc. 38).

4. On December 12, 2018, undersigned counsel filed a *Limited Notice of Appearance* on behalf of Defendant Joachim, which notified the Court and Plaintiff that the U.S. Marshal had wrongly certified to the Court that Defendant Joachim had been served. (*See* Doc. 43).

5. On December 28, 2018, Plaintiff filed the following motions, which, in part, related to his attempts to perfect service on Defendant Joachim: *Motion to Compel Defendants' Addresses* (Doc. 50); *Motion for Extension of Time to Serve Defendants* (Doc. 51); and *Motion for Order to Help with Service* (Doc. 52).

6. On January 15, 2019, certain Defendants filed a *Motion to Dismiss for Failure to Comply with Court Order*, which alternatively requested that Plaintiff be ordered to file a *More Definite Statement*. (*See* Doc. 56). Defendant Joachim was <u>not</u> a party to this *Motion to Dismiss*. (*See* Doc. 56, p.1, n.1).

7. On February 19, 2019, the Court allowed in part and denied in part Defendants' *Motion to Dismiss for Failure to Comply with Court Order*, and ordered Plaintiff to file a *More Definite Statement*. (*See* Doc. 60).

8. On July 31, 2019, Plaintiff filed his *More Definite Statement*. (*See* Doc. 67).

9. Also on July 31, 2019, the Court ordered the Defendants to file an *Answer*, and further denied as moot Plaintiff's *Motion to Compel Defendants' Addresses* (Doc. 50); *Motion for Extension of Time to Serve Defendants* (Doc. 51); and *Motion for Order to Help with Service* (Doc. 52). (*See* Docs. 68-69).

10. On August 23, 2019, an *Answer* was filed on behalf of all named Defendants, with the exception of Defendant Joachim. (*See* Doc. 70).

## **LEGAL STANDARD**

Pursuant to Fed.R.Civ.P. 12(b)(5), a plaintiff's complaint will be dismissed if there is insufficient service of process. Fed.R.Civ.P. 4(m) states that "if a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The plaintiff bears "the burden of proving proper service" when the sufficiency of process is challenged. Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992).

## **ARGUMENT**

In the instant matter, Plaintiff has violated the Federal Rules of Civil Procedure where Defendant Ryan Joachim has not been served by Plaintiff with proper summons, and more than sixteen (16) months have passed since Plaintiff filed his *Complaint*. *See* Fed.R.Civ.P. 4(m). Although, the U.S. Marshal's Office previously returned summons indicating that Defendant Joachim was served, this was in inaccurate representation. (*See* **EXHIBIT 1 – Affidavit of George**

**J. Puddister IV, Esquire**). This issue has been previously brought to the Court's attention (*See e.g.* Doc. 43 and Doc. 56, p.1, n.1), and has been acknowledged by Plaintiff (*See* Docs. 50-52).

The issue surrounding service is based on the fact that Defendant Joachim ceased being employed by Defendant Correct Care Recovery Solutions (n/k/a Wellpath, LLC), and working at Bridgewater State Hospital ("**BSH**"), on October 17, 2018. (Exh. 1, ¶3). Unfortunately, on November 21, 2018, the U.S. Marshal's Office served a packet of fifteen (15) separate summons on the defendants in this matter by collectively serving them on "James Brow / Asst. Safety Director" at BSH. (*See* Docs. 27-41). However, Mr. Brow was not an employee of Defendant Correct Care Recovery Solutions, and was not authorized to accept service on behalf of Defendant Joachim, who had ceased working at the facility more than a month earlier. (*See* Exh. 1, ¶¶3-6).

Undersigned counsel's firm, Koufman & Frederick, has since been retained to represent all Defendants in this matter, including Defendant Joachim. (*See* Exh. 1, ¶¶1-2). Unfortunately, despite repeated attempts, counsel has been unable to establish any contact with Defendant Joachim. (*See* Exh. 1, ¶¶8-14). As a result, counsel has no authority to accept and/or waive service of process on Defendant Joachim's behalf, and instead must file the instant *Motion to Dismiss* in lieu of an *Answer*.

## **CONCLUSION**

As Defendant Ryan Joachim was never served with summons in this matter, and there is no definitive proof that he is even aware of the existence of this lawsuit, Plaintiff's claims against him should be dismissed pursuant to Fed.R.Civ.P. 12(b)(5).

Respectfully submitted,

Defendant Ryan Joachim,

By his attorney,

*/s/ George J. Puddister IV*
George J. Puddister IV, BBO #689162
KOUFMAN & FREDERICK, LLP
145 Tremont Street, 4th Floor
Boston, MA 02111
(617) 423-2212
gp@kflitigators.com

Dated: August 23, 2019

### *CERTIFICATE OF SERVICE*

I, George J. Puddister IV, certify that on the 23rd day of August, 2019, a copy of the above pleading was filed with the ECF System and sent electronically to the registered participants identified on the Notice of Electronic Filing, with paper copies being sent to those indicated as non-registered participants.

/s/ *George J. Puddister IV*
George J. Puddister IV

I:\Clients\CCS\Chase, Christopher\Pleadings\Joachim Memo in Supt of MTD.docx