UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER CHASE, )<br>    *Plaintiff,* )<br>    v. )<br>CORRECT CARE RECOVERY )<br>SOLUTIONS, et al., )<br>    *Defendants.* ) | C.A. No. 1:18-cv-10719-DJC |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE (RULE 41(b)(2))

Defendants Correct Care Recovery Solutions; Khalid Khan, MD; Christopher Myers, MD; Kevin Huckshorn, PhD; Jhilam Biswas, MD; Timothy Furtado, RN; Ayn Homer, RN; Gusty Saintiche, RN; Joshua Carajanes; Joel Olubodun, MD; Daniel Comiskey, MD; Cassandra Castor; David Brouillette; and George Gintoli (the "*CCRS Defendants*"), submit this memorandum of law in support of their Motion to Dismiss for Failure to Prosecute.

1. The Plaintiff's complaint, originally brought in the form of a four (4) page letter on April 11, 2018, alleges violations of his rights at Bridgewater State Hospital (BSH). (*See* Doc. 1). He filed an amended complaint on July 9, 2018. (*See* Doc. 8). Following preliminary proceedings, the CCRS Defendants answered on August 23, 2019. (*See* Doc. 70) Defendant Ryan Joachim separately moved for dismissal for insufficient service of process for reason that Defendant Joachim was never served with a copy of the Complaint, and Defendants' counsel has not been able to establish any contact with Defendant Joachim. (*See* Doc. 71).

2. Two documents recently mailed to the Plaintiff at BSH by Defendants' counsel, the September 9, 2019 Notice of Appearance (Doc. 73) and the September 12, 2019 Proposed Scheduling (Doc. 74), both have been returned to counsel's office as "undeliverable." *See* Exhibits 1 and 2.

3. On September 9, 2018, the Court ordered that the Plaintiff has until October 11, 2019 to show cause why the case should not be dismissed for failure to oppose defendant Ryan Jordan's Motion to Dismiss, which was due on September 13, 2019. (*See* Doc. 75). This document, which the Court sent to Plaintiff at BSH, was returned to the Court as "undeliverable." (*See* Doc. 76).

4. On September 27, 2019, Defendants' counsel was apprised by the BSH Director of Compliance and Accreditation that the Plaintiff was discharged from BSH to the Clinton District Court and did not return.

5. District Court Local Rule 85.5.5(e) mandates that "[a]ny party who appears *pro se* must provide the clerk and all parties a mailing address at which service upon the *pro se* party can be made." Local Rule 85.5.5(f) mandates that

> Every party appearing *pro se* shall inform the clerk and all parties in writing of any change of name, address, telephone number, or e-mail address within 14 days of the change. It is the responsibility of the pro se party notify the clerk and the parties of any change. Any notice sent by the clerk or any party to a pro se party shall be deemed delivered and properly served if sent to the most recent address or e-mail address provided by the *pro se* party.

6. Rule 41(b) of the Federal Rules of Civil Procedure provides, in part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." This rule reinforces "the inherent power of trial courts to dismiss cases for want of prosecution or disregard of judicial orders." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002). "Rule 41(b) is a … general grant of authority, allowing dismissal for the failure to comply with any order of the court." Angulo-Alvarez v. Aponte de la Torre, 170 F.3d 246, 251 (1st Cir. 1999).

THEREFORE, because the Plaintiff has failed to comply with Local Rule 85.5.5(f), and because he has failed to prosecute this case, the complaint should be dismissed as provided by Rule 41(b) and judgment entered in favor of the Defendants.

Respectfully submitted,

CCRS Defendants,

By their attorney,

*/s/ William D. Saltzman*
William D. Saltzman, BBO #439749
KOUFMAN & FREDERICK, LLP
145 Tremont Street, 4th Floor
Boston, MA 02111
(617) 423-2212
Dated: October 3, 2019    ws@kflitigators.com

### *CERTIFICATE OF SERVICE*

I, William D. Saltzman, certify that on the 3rd day of October, 2019, a copy of the above pleading was filed with the ECF System and sent electronically to the registered participants identified on the Notice of Electronic Filing. Because the Plaintiff has not provided Counsel or the Court with a current address of record, service of the above pleading could not be made on the Plaintiff.

/s/ *William D. Saltzman*
William D. Saltzman